IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV297-03-MU

| | |
|---|---|
| BILLY WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS et. al, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 18, 2006. (Document No. 1. ) In his Complaint, Plaintiff contends that on April 27, 2006 he was told to get his hair cut or not to report back to his work assignment as a janitor. Plaintiff chose not to get his hair cut and filed a grievance. Plaintiff's grievance was addressed through all level of the grievance process and stated that Policy and Procedure Chapter B Section .0300 government his situation. Such policy states that inmates will keep their "hair neatly cut and properly groomed." Plaintiff argues that he was discriminated against and terminated from his job because of the length of his hair.

First, it is well settled that federal courts do not occupy "the role of super wardens of state penal institutions," Cooper v. Fano, 549 F.2d 731, 732 (4th Cir. 1976), and "do not sit to supervise state prisons." Meachum v. Fano, 427 U.S. 215, 229 (1976). Next, a cause of action under 28 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution or other laws of the United States by a person acting under color of state law. Here, Plaintiff contends that he was discriminated against and lost his job as a janitor at Foothills Correctional Facility because of the

length of his hair. Plaintiff has not stated a deprivation of a right secured by the Constitution in as much as the prison work assignments are at the discretion of the prison and its officers in the exercise of the broad latitude they are afforded in the management of prisons.  See, Bell v. Wolfish, 441 U.S. 520, 547 (1979).  Additionally, an inmate does not have a protective property or liberty interest in continued prison employment.  James v. Quinlan, 866 F.2d 627, 629-630 (3rd Cir. 1989).  Finally, Petitioner has not stated that he a member of any protected class, but only that he has been discriminated against due to the length of his hair.

Petitioner has failed to state a claim upon which relief can be granted because he has not stated a deprivation of a right secured by the Constitution and has not stated that he is a member of any protected class.  Plaintiff's claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Signed: October 10, 2006

Graham C. Mullen
United States District Judge